**Opinion filed July 19, 2012**



## In The

# Elebenth Court of Appeals

————————

### No. 11-11-00124-CV

————————

## HENDRICK MEDICAL CENTER, Appellant

## V.

## DR. CORY BROWN AND DR. MARTIN V. SLOAN, Appellees

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 25137-B**

### M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal from the entry of a temporary injunction enjoining appellant, Hendrick Medical Center, from revoking the "ankle privileges" of appellees, Dr. Cory Brown and Dr. Martin V. Sloan, two podiatrists with medical privileges at the hospital. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2011). Appellant has filed a motion to dismiss the appeal on the basis that the temporary injunction is now moot because all medical privileges granted to appellees expired on June 30, 2012. *See* TEX. R. APP. P. 42.1(a)(1).

Appellees have filed a response to the motion to dismiss, agreeing that the temporary injunction is now moot and that the appeal should be dismissed.

As recently noted by the Texas Supreme Court in *Heckman v. Williamson County*, No. 10-0671, 2012 WL 2052813, at *14 (Tex. June 8, 2012):

> [A] court cannot not decide a case that has become moot during the pendency of the litigation. A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer "live," or if the parties lack a legally cognizable interest in the outcome. Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests. If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction.

(footnotes omitted). We agree with the parties' contention that the appeal should be dismissed for want of jurisdiction because the subject of the appeal is now moot. Therefore, in accordance with the parties' request, we dismiss the appeal for want of jurisdiction. In doing so, we express no opinion on the merits of the underlying action.

The motion to dismiss is granted, and the appeal is dismissed.

PER CURIAM

July 19, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

2